# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2750

_____

United States of America

*Plaintiff - Appellee*

v.

Clifton Lamon Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 9, 2015
Filed: April 17, 2015
[Published]

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Clifton Thomas appeals the 33 month sentence imposed by the district court after revocation of his supervised release. Jones argues, and the government agrees, that the district court erred by determining he had committed a grade A violation. We reverse and remand for resentencing.

In December 2008, Thomas pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court imposed the sentence specified in the plea agreement which was 72 months imprisonment and four years supervised release. Thomas began supervised release in April 2013. On January 14, 2014, his probation officer petitioned for revocation for alleged violations including testing positive for marijuana use and failure to report for drug testing. At a hearing on February 28, the district court found a grade C violation but decided to continue the case before sentencing "to see how defendant will comply with the conditions of release." The order continuing the case for 30 days was entered on March 13.

On March 15, 2014, Thomas was arrested for battery, aggravated assault, possession of a firearm, criminal mischief, and fleeing an officer following an incident in a nightclub parking lot. The government again petitioned for revocation of supervised release. Little Rock, Arkansas police officer Johnny Gilbert testified at the revocation hearing. He said that about 3:30 a.m. on March 15, 2014, he was off duty and working as a private security guard for the Elevations nightclub. Near the exit of the nightclub's overflow parking lot, Gilbert saw a man crouch down and point a semiautomatic pistol into the parking lot. Then he heard a "pop-pop-pop noise" and saw "muzzle flash." The man fired "[e]ight to ten shots." Gilbert drove toward the man in his patrol car with his lights activated, and the man ran toward a Toyota Camry. Gilbert observed that the shooter was African American and was wearing a dark jacket and a white T-shirt.

As the shooter entered his car, Gilbert activated his siren. The shooter drove off and Gilbert followed in pursuit, notifying other officers of the situation. Gilbert followed the car for "several minutes" as it traveled at speeds over 60 miles per hour through a residential neighborhood with a speed limit of 25 miles per hour. There was no other traffic on the road, and Gilbert never lost sight of the car. The pursuit ended when the shooter drove into the parking lot of a doughnut shop and fled on foot.

Gilbert kept sight of the shooter while also checking the Camry to make sure no one else was inside. He saw the shooter run up a hill and climb a wooden fence and noticed that the shooter had a disfigured right hand. Gilbert communicated this information to other officers. Officer Byron Harper drove to the other side of the wooden fence where he pursued Thomas and then arrested him "less than a minute" after Gilbert had seen the shooter jump the fence. When he was arrested Thomas was wearing a white T-shirt and a black jacket, and his clothing had mud and wood fragments on it, consistent with climbing the wooden fence. Thomas's right hand is disabled, and Gilbert identified Thomas as the person Harper had apprehended.

After Thomas had been arrested, Gilbert returned to the nightclub and spoke with other officers who had responded to the scene. He "determined that one person had been shot, another person had been shot at, and multiple vehicles had been shot up." Gilbert did not determine whether or not Thomas had been involved in the shooting. Two different caliber of ammunition were found at the crime scene, and no weapon was ever recovered.

The government did not call any witnesses other than Gilbert. Based on his testimony, the district court found that Thomas "possessed a firearm and fired it near the Elevations nightclub" and then "fled." The court declined to make findings about battery, assault, or damage to cars "because that was not the heart of the evidence" and because the court concluded that "[t]he other evidence is enough to be a Grade A violation." Thomas did not object. Based on this finding and Thomas's criminal history category VI, the district court calculated a guideline range of 33 to 41 months in custody and sentenced Thomas to 33 months. Thomas appeals.

For the first time on appeal, Thomas argues that the evidence presented at the revocation hearing was insufficient to prove a grade A violation. The government agrees that this violation category was incorrect. We review a sentence imposed upon revocation of supervised release for abuse of discretion. United States v. Richey, 758

F.3d 999, 1001 (8th Cir. 2014). When, as here, a defendant did not object during sentencing to procedural errors such as improper calculation of the guideline range, our review is for plain error. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). Under this standard, Thomas must show that "(1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." Id. In the sentencing context, an error is prejudicial and thus affects the defendant's substantial rights "only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error." Id.

> Under the sentencing guidelines, a grade A violation is
>
> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years.

U.S.S.G. § 7B1.1(a)(1). The record here did not show such a violation. The district court did not find that Thomas had committed a "crime of violence," and there was no evidence that controlled substances or a specified type of firearm were involved.

The conduct proven at the revocation hearing also did not constitute an Arkansas "offense punishable by a term of imprisonment exceeding twenty years." U.S.S.G. § 7B1.1(a)(1)(B). The district court determined that Thomas, who is a convicted felon, possessed a firearm, shot the firearm, and fled. The government argues that this conduct constituted the state offenses of being a felon in possession and fleeing. Neither of these crimes is punishable by more than 20 years in prison. Under Arkansas law, possession of a firearm by a felon is at most a class B felony, punishable by *no more than* 20 years. Ark. Code Ann. §§ 5-73-103(c)(1); 5-4-401(a)(3). Unless the flight causes serious physical injury to another, fleeing by

vehicle is at most a class D felony, punishable by up to six years. Ark. Code Ann. §§ 5-54-125(d); 5-4-401(a)(5).

The district court's findings support a grade B violation. "[C]onduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year" is a grade B violation of the conditions of supervised release. U.S.S.G. § 7B1.1(a)(2). Without any additional aggravating circumstances, a person who has been convicted of a felony and who possesses a firearm has committed a class D felony under Arkansas law, punishable by up to six years in prison. Ark. Code Ann. §§ 5-73-103(c)(2); 5-4-401(a)(5). The record here shows that Thomas has been convicted of at least one felony: distribution of cocaine base, the crime of conviction for which he had been sentenced to supervised release. Officer Gilbert's testimony supported the district court's finding that Thomas had possessed a firearm. The conduct proven at the hearing thus amounted to a grade B violation of supervised release.

In conclusion, the evidence presented at the revocation hearing did not support a grade A violation, and the classification error was plain. Given the lower guideline range for a grade B violation, there was a reasonable probability that Thomas would have received a lower sentence without this error. Since the 33 month sentence imposed was a reversible error, the matter must be remanded for resentencing.

The judgment of the district court is therefore reversed, and the case is remanded for resentencing consistent with this opinion.

_____