# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-2035

———————————————

Said Haji Ahmed

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: February 14, 2018
Filed: May 15, 2018
[Published]

——————————

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Resolution of this appeal requires us to resolve whether Said Haji Ahmed ("Ahmed") has been convicted of an aggravated felony justifying his removal from the United States. We hold that he has.

Ahmed, a native and citizen of Somalia, was admitted to the United States as a refugee in March 2000. On August 25, 2008, he was granted lawful permanent resident status under § 209(b) of the Immigration and Nationality Act ("INA"). On November 16, 2009, Ahmed pled guilty in North Dakota state court to three criminal charges. Relevant to this appeal is Ahmed's conviction for Unlawful Entry Into a Vehicle, in violation of N.D. CENT. CODE § 12.1-22-04(1)(b), (2), a Class C felony carrying a maximum penalty of five years imprisonment. The court sentenced Ahmed on the felony count to one year in prison, first to serve 280 days, with the remainder suspended for one year during which Ahmed was placed on probation.

In March 2010, Ahmed was served with a notice to appear for removal proceedings pursuant to § 237(a)(2)(A)(iii) of the INA. The Immigration Judge ("IJ") concluded that Ahmed's conviction was an aggravated felony under INA § 101(a)(43)(G) because Ahmed was convicted of a crime that related to theft for which he had been sentenced to a year imprisonment. The IJ denied Ahmed's requests for asylum, withholding of removal, and voluntary departure, and ordered that Ahmed be removed from the United States.

A tortured procedural history developed over the next six years, the details of which are unimportant for our determination. In the final analysis, the Board of Immigration Appeals ("BIA") concluded that Ahmed's conviction was an aggravated felony under INA § 101(a)(43)(U), which rendered him statutorily ineligible for asylum.

The dispositive issue on appeal is whether the record contains sufficient facts to support the BIA's conclusion that Ahmed's conviction was for an aggravated felony attempted theft as defined by 8 U.S.C. § 1101(a)(43)(U) and (G). "We review the BIA's legal determination de novo, according substantial deference to the BIA's interpretation of the statutes and regulations it administers." Tostado v. Carlson, 481

-2-

F.3d 1012, 1014 (8th Cir. 2007). We review the "interpretation of federal criminal statutes de novo without according any deference." Id.

Ahmed was sentenced to a one-year term of imprisonment based on his guilty plea to count 1 of an amended information. Count 1 charged:

> **UNLAWFUL ENTRY INTO A VEHICLE** in violation of Section 12.1-22-04(1)(b) & (2), N.D.C.C. in that on or about June 19, 2009: The defendant, knowing that he was not licensed or privileged to do so, entered a vehicle, vessel, or aircraft, without the use of force, with intent to commit a crime, to-wit: that on or about the above-stated date, the defendant, Said Ali Haji-Ahmed, did, knowing that he was not licensed or privileged to do so, enter a vehicle of another located in the parking lot of The Hub which is located at 2525 9th Avenue SW, Fargo, Cass County, North Dakota, and in entering the vehicle, the defendant had the intent to commit a theft therein.

Among the "aggravated felonies" defined in the INA is "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). A "theft offense within the meaning of [§ 1101(a)(43)(G)] consists of the taking of, or exercise of control over, property without consent whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent." Matter of Garcia-Madruga, 24 I. & N. Dec. 436, 440-41 (BIA 2008); see also Gonzales v. Duenas-Alvarez, 549 U.S. 183, 189 (2007).

An "attempt or conspiracy to commit an offense described in" § 1101(a)(43) is an aggravated felony under the Act. 8 U.S.C. § 1101(a)(43)(U). Section 12.1-06-01(1) of the North Dakota Century Code provides:

> A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he

intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime. A "substantial step" is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime. Factual or legal impossibility of committing the crime is not a defense, if the crime could have been committed had the attendant circumstances been as the actor believed them to be.

The BIA correctly affirmed the IJ's conclusion that Ahmed's unlawful entry into the vehicle was a substantial step toward committing a theft. The amended information, together with Ahmed's guilty plea, supports the conclusion that Ahmed completed a substantial step toward accomplishing his criminal intent to deprive an owner of rights and benefits to property.

Because the record makes clear that Ahmed was convicted of an aggravated felony offense, we deny the petition for review.

_____