# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3760

_____

United States of America

*Plaintiff - Appellee*

v.

Dominic L. Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Western Division

_____

Submitted: January 14, 2019
Filed: June 27, 2019

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

Dominic L. Smith appeals the sentence imposed after his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He argues the district court[1] erred in calculating his Guidelines range. We affirm.

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

At sentencing, the district court calculated Smith's base offense level at 26 because he had at least two felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2K2.1(a)(1). Smith had a criminal history of VI, and other adjustments led to a final offense level of 29, which resulted in a recommended range of 151 to 188 months of imprisonment. The statute, however, restricted Smith's actual Guidelines range to a maximum of 120 months. The district court imposed the statutory maximum.

Smith concedes he has a conviction for a controlled substance offense but argues for the first time on appeal that his prior conviction for Arkansas aggravated robbery does not qualify as a crime of violence. Although we generally review the interpretation of the Guidelines de novo, *United States v. Watson*, 650 F.3d 1084, 1091 (8th Cir. 2011), we review issues raised for the first time on appeal for plain error, *United States v. Thomas*, 790 F.3d 784, 786 (8th Cir. 2015). In order to prevail, Smith must show "(1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." *Id.* (quoting *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009)).

We have previously held Arkansas robbery is not a violent felony under the Armed Career Criminal Act ("ACCA"). *United States v. Eason*, 829 F.3d 633, 642 (8th Cir. 2016). The ACCA defines violent felonies to include any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (referred to as the "elements clause" or the "force clause"). In *Eason*, we observed that Arkansas robbery requires less force than the violent force required by the elements clause, 829 F.3d at 642, and the same definition applies to a 'crime of violence' under the Guidelines. *See* U.S.S.G. § 4B1.2(a)(1); *see also United States v. Furqueron*, 605 F.3d 612, 614 (8th Cir. 2010). Our opinion in *Eason* relied on applying the standard for violent force thought

to be required by *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010), to the elements clause of the ACCA. 829 F.3d at 640–41.

Recently, though, the Supreme Court, also considering the ACCA, has concluded the force required in the elements clause is the same as the force in generic robbery in the enumerated offenses clause. *See Stokeling v. United States*, 139 S. Ct. 544, 551 (2019). Thus, after *Stokeling*, for purposes of robbery we treat the level of force as the same under both the elements clause and the enumerated offense.

Plainly stated, *Stokeling* abrogated our force analysis in *Eason*. *Stokeling* elucidated *Curtis Johnson* by clarifying that the elements clause only requires that "[s]ufficient force must be used to overcome resistance . . . however slight the resistance." *See Stokeling*, 139 S. Ct. at 551 (quoting W. Clark & W. Marshall, Law of Crimes 553 (H. Lazell ed., 2d ed. 1905)). The Court noted the force in the elements clause is derived from the definition of common law robbery. *See id.* The key distinction in determining whether a state robbery statute meets this definition of force is whether the "statute requires 'resistance by the victim that is overcome by the physical force of the offender'" or encompasses "[m]ere 'snatching of property from another.'" *Id.* at 555 (quoting *Robinson v. State*, 692 So.2d 883, 886 (Fla. 1997)).

This court's recent decision in *United States v. Swopes* reached a similar conclusion on the definition of force. 886 F.3d 668, 671 (8th Cir. 2018) (en banc). We found a Missouri robbery statute satisfied the elements clause because the statute required sufficient force to overcome a victim's resistance. *Id.* at 671. We observed that Missouri courts allowed a conviction where "there was a '[t]ussle' between the defendant and the victim," *id.* at 672 (quoting *State v. Childs*, 257 S.W.3d 655, 660 (Mo. Ct. App. 2008) (alteration in original)), but overturned a conviction "where the defendant merely 'grabbed the [victim's] purse by its strap, took it from her shoulder and ran off,'" *id.* (quoting *State v. Tivis*, 884 S.W.2d 28, 29 (Mo. Ct. App. 1994)). We also applied this definition from both *Swopes* and *Stokeling* in another recent

-3-

decision reviewing a Minnesota robbery statute. *See Taylor v. United States*, No. 17-1760, 2019 WL 2407746, at *2 (8th Cir. June 7, 2019).

Here, we conclude Arkansas robbery also requires the same level of force as this understanding of common law robbery. In determining whether an offense is a crime of violence, "we apply a categorical approach, looking to the elements of the offense to determine whether the conviction constitutes a crime of violence." *Furqueron*, 605 F.3d at 614. We consider "both the text of the statute and how the state courts have applied the statute." *Swopes*, 886 F.3d at 671.

In relevant part, the Arkansas robbery statute provides that "[a] person commits robbery if . . . the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102. The Arkansas Supreme Court has explained that the adoption of a criminal code in 1975 changed Arkansas's robbery statute from emphasizing "the taking of property to 'the threat of physical harm to the victim.'" *McElyea v. State*, 200 S.W.3d 881, 883 (Ark. 2005) (quoting *Jarrett v. State*, 580 S.W.2d 460, 461 (Ark. 1979)). It has found "jerking the door from [a victim], cornering her in the back hallway and grabbing her dress" constitutes sufficient force for robbery because that conduct overcame resistance. *Fairchild v. State*, 600 S.W.2d 16, 17 (Ark. 1980). In contrast, the Arkansas Supreme Court has stated "the mere snatching of money or goods from the hand of another is not robbery, unless some injury is done to the person or there be some struggle for possession of the property prior to the actual taking or some force used in order to take it." *Parker v. State*, 529 S.W.2d 860, 863 (Ark. 1975).

From these decisions, we understand that Arkansas robbery requires sufficient force to overcome a victim's resistance and does not criminalize mere snatching of property. Arkansas robbery, then, satisfies both the elements clause and generic robbery in the enumerated offenses clause of U.S.S.G. § 4B1.2.

As a result, we conclude both Arkansas robbery and Arkansas aggravated robbery are crimes of violence. An offense is a crime of violence if its lesser included offense is a crime of violence. *See United States v. Douglas*, No. 11CR324, 2017 WL 4737243, at *3 (D. Minn. Oct. 19, 2017). Under Arkansas law, "[r]obbery is a lesser-included offense of aggravated robbery." *Brown v. State*, 60 S.W.3d 422, 425 (Ark. 2001). It follows that because Arkansas robbery is a crime of violence, Arkansas aggravated robbery is also a crime of violence. Thus, we hold the district court properly categorized Smith's prior conviction for Arkansas aggravated robbery as a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(1).

Accordingly, we affirm the judgment of the district court.

_____