# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3122
_____

United States of America

*Plaintiff - Appellee*

v.

Jessie Lee Thomas

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: April 15, 2020
Filed: July 2, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

PER CURIAM.

Jessie Lee Thomas pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). At sentencing, the district

court[1] enhanced Thomas's sentence under the Armed Career Criminal Act (ACCA), after concluding that Thomas had three prior violent felony convictions. The district court determined that Thomas's prior conviction for robbery, in violation of Ark. Code. Ann. § 5-12-102, qualified as a violent felony under the ACCA. Based on its determination that Thomas was an armed career criminal, the district court sentenced Thomas to 180 months' imprisonment. Thomas appeals, arguing that his Arkansas robbery conviction is not a violent felony under the ACCA.

The ACCA imposes a mandatory minimum sentence of 180 months' imprisonment if a defendant violates § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). We review de novo whether Thomas's robbery conviction qualifies as a violent felony under the ACCA. *United States v. Jordan*, 812 F.3d 1183, 1185 (8th Cir. 2016). "In determining whether a conviction is a violent felony, courts must start with the formal categorical approach and look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 1186 (internal quotation omitted). For purposes of the ACCA, a violent felony is "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (referred to as the "elements" clause). "[P]hysical force, or force capable of causing physical pain or injury, includes the amount of force necessary to overcome a victim's resistance." *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019) (cleaned up).

Thomas concedes that we have already held that the Arkansas robbery statute qualifies as a crime of violence under the elements clause of the Guidelines. *See United States v. Smith*, 928 F.3d 714, 716–17 (8th Cir. 2019) (applying *Stokeling*, 139 S. Ct. at 555). Further, he admits that "we are bound by cases interpreting whether an

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

offense is a crime of violence under the Guidelines as well as cases interpreting whether an offense is a violent felony under the [ACCA]." *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008). This is so because "[t]he definitions of 'violent felony' and 'crime of violence' are almost identical." *United States v. Johnson*, 326 F.3d 934, 936 (8th Cir. 2003).

However, Thomas argues that we are not bound by *Smith* because he raises issues not discussed in *Smith.* Specifically, Thomas contends that a conviction under the Arkansas robbery statute is not a violent felony because it criminalizes even mere touching and encompasses negligent and accidental contact. But, contrary to Thomas's assertion, *Smith* directly forecloses this argument. In *Smith*, we explained that "Arkansas robbery requires sufficient force to overcome a victim's resistance and does not criminalize mere snatching of property." 928 F.3d at 717. Based on our holding in *Smith*, Arkansas robbery satisfies the elements clause to qualify as a violent felony under the ACCA. *See id. Smith* controls. *See Williams*, 537 F.3d at 971.

Accordingly, we affirm the judgment of the district court.

_____