# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1539
_____

United States of America

*Plaintiff - Appellee*

v.

Charles R. Trent

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 15, 2021
Filed: May 6, 2021
[Published]

_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In March 2020, the district court determined that Charles Trent had violated the conditions of his supervised release and sentenced him to 51 months' imprisonment. Trent appeals that sentence, arguing that the court misclassified three of his violations as grade A under Chapter 7 of the United States Sentencing Guidelines. We reverse and remand for resentencing.

Trent pleaded guilty in 2009 to one count of conspiracy to distribute more than 50 grams of cocaine base.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 (2006). The district court sentenced him to 120 months in prison, followed by a ten-year term of supervised release.  His term of supervision began in May 2016.

In January 2019, Trent's probation officer filed a report alleging that Trent had violated three conditions of his supervised release: that he not commit another crime; that he not possess a firearm; and that he notify his probation officer within 72 hours of being arrested or questioned by law enforcement.  In September 2019, while Trent was awaiting a hearing on these alleged violations, law enforcement discovered him in possession of 4.86 grams of cocaine.  Based on this incident, the probation officer filed a supplemental report alleging that Trent had again violated conditions of his release: that he not commit another crime; that he not unlawfully possess a controlled substance; and that he not purchase, possess, use, distribute, or administer any controlled substance, except as prescribed by a physician.

The district court scheduled a final revocation hearing for March 2020.  In advance of the hearing, the probation office submitted a revocation packet, which included a worksheet that assigned grades to each of Trent's alleged violations.  The violations from January 2019 were all categorized as grade B or grade C, while the three violations from September 2019 were all categorized as grade A.  See United States Sentencing Guidelines § 7B1.1 (2018).  With A as the most serious grade of violation and a criminal history category of VI, the Guidelines recommendation was 51 to 60 months' imprisonment.  See id. § 7B1.4; 18 U.S.C. § 3583(e)(3).

Two days before the hearing, Trent stipulated to the three September 2019 violations, all of which were based on his possession of cocaine.  However, he "maintain[ed] that the cocaine base found on his person on September 3, 2019 was for personal use and he denie[d] that he possessed it with intent to distribute.  Having said that, [he] agree[d] that his possession of the cocaine base constitute[d] a violation

of th[ese] condition[s]." In exchange for Trent's stipulations, the government agreed that it would not bring any additional "firearms or drugs related" charges based on the conduct underlying his violations.

On March 12, 2020, the district court held a final revocation hearing. Summarizing the various violations at issue, it characterized each of the three violations from January 2019 as either grade B or grade C; it characterized all three violations from September 2019 as grade A because they involved possession of a controlled substance. Defense counsel responded that she believed the September 2019 violations were grade B, not A, since Trent "was planning on stipulating to the controlled substance as simply possession, not any kind of intent to distribute." The court asked the probation officer present whether, if Trent stipulated only to possession of a controlled substance and not possession with intent to distribute, that would decrease the grade for those violations from A to B. The probation officer responded, "For the purposes of his revocation hearing, any possession of a controlled substance is a grade A violation." The government then cited § 7B1.1(a)(1) of the Guidelines in support of that position.

After hearing the government's and probation office's explanations, the court stated:

> All right. With Mr. Trent's stipulation to the possession of controlled substance and failing to notify the probation officer within 72 hours and agreeing that the–stipulating that the government could prove posses-sion of a firearm by a preponderance of the evidence, is the government content with that record and ready to move to arguments on whether supervision should be revoked, and, if revoked, what is the final disposition?

The government responded that it was. It recommended a sentence of 60 months' imprisonment, emphasizing Trent's violation conduct and highlighting evidence that

-3-

it argued was consistent with Trent distributing controlled substances. Trent advocated for a sentence of a year and a day. He admitted that he had used cocaine since being released from prison but maintained that he had not been distributing any controlled substance.

The district court found that Trent had committed one grade C violation, two grade B violations, and three grade A violations and, based on that finding, calculated a recommended Guidelines range of 51 to 60 months in prison. It imposed a sentence of 51 months, noting that Trent had done "many positive things" but "can't continue to use drugs." Trent now appeals.

Trent argues that the district court erred in concluding that his stipulated possession of a controlled substance was a grade A violation. We review a district court's imposition of a revocation sentence for abuse of discretion, "first ensur[ing] that the court committed no significant procedural error, such as improperly calculating the sentence under the Guidelines." United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010) (quoting United States v. Miller, 557 F.3d 910, 915–16 (8th Cir. 2009)). Because Trent objected to the district court's categorization of drug possession alone as a grade A violation, we review that determination for harmless error.[1] See United States v. Dace, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam)

_____

[1] The government urges that Trent did not preserve an objection to the district court's grade A classification, meaning that we should instead review for plain error. See United States v. Thomas, 790 F.3d 784, 786 (8th Cir. 2015) (per curiam). But the result would be the same under plain error review. The district court's classification of Trent's September 2019 violations as grade A when Trent stipulated only to drug possession and when the court did not find that he intended to distribute was an error that was plain. Cf. Cates, 613 F.3d at 858–59. And absent the court's misunderstanding, Trent's highest grade of violation would have been grade B, for which the recommended Guidelines range is significantly lower. See USSG § 7B1.4(a). "Given the lower guideline range for a grade B violation, there was a reasonable probability that [Trent] would have received a lower sentence without this

-4-

("Where, as here, a defendant preserves a Guidelines challenge, we review for harmless error."); Fed. R. Crim. P. 51(b) ("A party may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection."). "[T]he Government bears the burden of persuasion to demonstrate that the error was harmless, that is, that the error did not affect [Trent's] substantial rights." United States v. Spikes, 543 F.3d 1021, 1025 (8th Cir. 2008).

Both parties acknowledge that, at the revocation hearing, the district court was operating under a misinterpretation of the Guidelines. The probation officer and the government informed the court that possession of a controlled substance alone would qualify as a grade A violation under § 7B1.1(a)(1) of the Guidelines, and the court appeared to rely on that characterization. But § 7B1.1(a)(1) references another Guidelines provision, which makes clear that "mere possession of a controlled substance does not constitute a controlled substance offense" for the purposes of classifying a violation as grade A. Cates, 613 F.3d at 859; see also USSG § 7B1.1 comment. n.3 (defining "controlled substance offense" in the list of grade A violations by reference to USSG § 4B1.2); id. § 4B1.2(b) (defining "controlled substance offense" as "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense"). Trent stipulated that he violated his conditions of release by possessing cocaine, but he denied that he intended to distribute a controlled substance. And the district court did not find that he had committed a controlled substance offense as that term is defined in the

---

error," meaning that the error affected his substantial rights. Thomas, 790 F.3d at 787; see also Miller, 557 F.3d at 916.

Guidelines. It was therefore error to conclude that he committed three grade A violations. Cf. Cates, 613 F.3d at 858–59.[2]

Operating under the mistaken impression that Trent's September 2019 violations qualified as grade A, the district court calculated Trent's recommended Guidelines range as 51 to 60 months and sentenced him at the bottom of that range. Had it recognized that, based on the parties' stipulation and its own factual findings, Trent's highest grade of violation was B, the recommended range would have been 21 to 27 months. As the applicable Guidelines range is significantly lower than the one the court relied on and there is no indication that the court would have imposed the same sentence regardless, cf. Spikes, 543 F.3d at 1025–26; United States v. Weems, 517 F.3d 1027, 1030 (8th Cir. 2008), the error here was not harmless. Trent is entitled to resentencing.

We reverse the judgment of the district court and remand for resentencing consistent with this opinion.

_____

[2]The government maintains that no error occurred because "the record would readily support a finding that Trent intended to sell the crack he possessed." Even giving credence to this characterization, the government's contention is without merit. Before hearing sentencing arguments from both parties, the district court noted that it was relying on "Mr. Trent's stipulation to the possession of controlled substance," and the government responded in the affirmative when asked whether it was "content with that record." Regardless of the evidence the government then introduced in support of its recommended sentence, the district court never found that Trent intended to distribute the cocaine, and we will not do so for the first time on appeal. The court's classification of his violation as grade A was therefore in error, as was its selection of a sentence based on that classification.