# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-1533

_____

United States of America

*Plaintiff - Appellee*

v.

Obed Lopez-Castillo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa

_____

Submitted: October 22, 2021
Filed: February 4, 2022

_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

Obed Lopez-Castillo pled guilty to unlawfully possessing a firearm. He appeals the district court's[1] conclusion that, for purposes of sentencing, his prior

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

offense for aggravated assault under Arizona Revised Statute § 13-1204(B) was a crime of violence. We affirm.

## I. Background

Lopez-Castillo pled guilty to unlawfully possessing a firearm as both a felon and a domestic violence misdemeanant. *See* 18 U.S.C. §§ 922(g)(1), (g)(9); 924(a)(2). At sentencing, the district court concluded Lopez-Castillo's base offense level was 24 because he had two prior convictions for crimes of violence. *See* U.S.S.G. § 2K2.1(a)(2). Specifically, the district court found that Lopez-Castillo's Iowa arson offense and his Arizona aggravated assault offense were both crimes of violence. *See* Iowa Code § 712.3; Ariz. Rev. Stat. § 13-1204(B).

After completing the remaining United States Sentencing Guidelines Manual ("Guidelines") calculations, the district court found Lopez-Castillo had a total offense level of 25 and a criminal history category of VI, resulting in a recommended sentencing range of 110 to 120 months of imprisonment. The district court then sentenced Lopez-Castillo to 102 months of imprisonment. Lopez-Castillo appeals, challenging only the district court's conclusion that aggravated assault under Ariz. Rev. Stat. § 13-1204(B) qualifies as a crime of violence.

## II. Analysis

We review the district court's determination that an offense qualifies as a crime of violence under the Guidelines de novo. *United States v. Harrison*, 809 F.3d 420, 425 (8th Cir. 2015). A defendant convicted of possessing a firearm as a felon or domestic-violence misdemeanant, as here, has a base offense level of 24 if he "committed any part of the instant offense subsequent to sustaining at least two felony convictions" for crimes of violence. U.S.S.G. § 2K2.1(a)(2). As relevant here, a crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has an element the use,

attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a) (the "force clause").

Lopez-Castillo only contests whether his aggravated assault offense under Ariz. Rev. Stat. § 13-1204(B) is a crime of violence. He does not contest that the Arizona aggravated assault offense was punishable by imprisonment for a term exceeding one year. Because we conclude the offense requires the use of physical force against the person of another, we hold the offense is a crime of violence.

To determine "whether an offense is a crime of violence, 'we apply a categorical approach, looking to the elements of the offense to determine whether the conviction constitutes a crime of violence.'" *United States v. Smith*, 928 F.3d 714, 717 (8th Cir. 2019) (quoting *United States v. Furqueron*, 605 F.3d 612, 614 (8th Cir. 2010)). To qualify as a crime of violence under the force clause, the question is "whether a conviction necessarily had 'a physical-force element.'" *United States v. Quigley*, 943 F.3d 390, 394 (8th Cir. 2019) (quoting *United States v. Schneider*, 905 F.3d 1088, 1090 (8th Cir. 2018)).[2] Physical force is "violent force—that is, force capable of causing physical pain or injury to another person." *United States v. Parrow*, 844 F.3d 801, 802 (8th Cir. 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Lopez-Castillo's aggravated assault conviction had such a physical force element.

---

[2]After *Borden v. United States*, a crime of violence also requires a mens rea greater than recklessness—e.g., knowledge or intent. *See* 141 S. Ct. 1817, 1834 (2021) (plurality opinion); *see also id.* at 1835 (Thomas, J., concurring in the judgment). Although *Borden* was an Armed Career Criminal Act case rather than a Guidelines case as here, we have long held that "we are bound by cases interpreting whether an offense is a crime of violence under the Guidelines as well as cases interpreting whether an offense is a violent felony under the [ACCA]." *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008). This is because "this Court construes 'violent felony' (under the [ACCA]) and 'crime of violence' (under the Guidelines) as interchangeable." *United States v. Yackel*, 990 F.3d 1132, 1135 (8th Cir. 2021). Lopez-Castillo's mens rea, however, is not an issue on appeal. The pertinent statute, Ariz. Rev. Stat. § 13-1204(B)(1), expressly requires the proscribed conduct be "intentional[ ] or knowing[ ]."

One element of aggravated assault under Ariz. Rev. Stat. § 13-1204(B)(1) requires a defendant to have "intentionally or knowingly impede[d] the normal breathing or circulation of blood of another person by applying pressure to the throat or neck or by obstructing the nose and mouth either manually or through the use of an instrument." Lopez-Castillo necessarily used force to satisfy this element because to be convicted he must have either "appl[ied] pressure to the throat or neck" of another person or "obstruct[ed] the nose and mouth" of another person. Ariz. Rev. Stat. § 13-1204(B)(1). This offense's requirement that a defendant must have "impede[d] the normal breathing or circulation of blood of" another person categorically entails force capable of causing physical pain or injury to another person. *Id.* To satisfy this element, Lopez-Castillo necessarily used physical force, either knowingly or intentionally.

Our precedent supports this conclusion. In *Parrow*, we held that an Iowa offense qualified as a crime of violence based on a similar element. *See Parrow*, 844 F.3d at 802–03 ("Knowingly strangulating another is categorically capable of causing physical pain or injury to another person because it requires proof that the victim's breathing or blood circulation was impaired by the defendant."). The only material distinction between the element at issue in *Parrow* and the element discussed here is that the element here permits the crime to be committed "through the use of an instrument." Ariz. Rev. Stat. § 13-1204(B)(1). This distinction, however, makes no difference. The Guidelines' definition for crimes of violence by force does not distinguish between manual force or force with an instrument. *See* U.S.S.G. § 4B1.2(a)(1).

### III. Conclusion

Because Lopez-Castillo's prior aggravated assault conviction under Ariz. Rev. Stat. § 13-1204(B) required using physical force against another person, it is a crime of violence. The district court properly determined Lopez-Castillo's base offense level was 24. We thus affirm the district court's judgment.

———————————————————