# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1820

_____

United States of America,

*Plaintiff - Appellee,*

v.

Brandon Charles Martin,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: October 26, 2022
Filed: November 2, 2022
[Unpublished]

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Brandon Martin appeals after he pleaded guilty to a firearm offense and the district court[1] sentenced him to 188 months in prison. His counsel has moved to

_____

[1]The Honorable Lee Philip Rudofsky, United States District Judge for the Eastern District of Arkansas.

withdraw, and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court erred by denying Martin's motion to suppress. Martin has filed a pro se brief challenging his designation as an armed career criminal, and has moved for new counsel on appeal.

We conclude that the district court did not err in denying the motion to suppress. We agree that Arkansas Code § 27-51-302(1) is ambiguous, and that the officer's belief that the statute was violated when Martin's car touched the fog line was objectively reasonable. *See Heien v. North Carolina*, 574 U.S. 54, 65-67 (2014); *United States v. Washington*, 455 F.3d 824, 826-28 (8th Cir. 2006).

As to Martin's pro se argument, we conclude that the district court did not err in concluding that Martin's robbery and second-degree battery convictions qualified as predicate offenses under the Armed Career Criminal Act. The robbery conviction qualified even though Martin did not receive criminal history points for the conviction, *see* 18 U.S.C. § 924(e)(1); USSG § 4B1.4, comment. (n.1); *United States v. Smith*, 928 F.3d 714, 717 (8th Cir. 2019), and the battery conviction under Arkansas Code § 5-13-202(a)(1) qualified as a violent felony, *see United States v. Yackel*, 990 F.3d 1132, 1135 (8th Cir. 2021); *United States v. Garcia*, 946 F.3d 413, 417-18 (8th Cir. 2019).

Accordingly, we grant counsel's motion to withdraw, we deny Martin's motion for new counsel, and we affirm.

_____