# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-2508
_____

Ruachkuoth Wiyual Thok

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 11, 2023
Filed: July 13, 2023
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Ruachkuoth Wiyual Thok, a native of Sudan and citizen of South Sudan, petitions this Court for review of a Board of Immigration Appeals (BIA) order affirming the immigration judge's (IJ) decision ordering Thok removed and reversing the IJ's decision granting Thok deferral of removal to South Sudan. Having jurisdiction under 8 U.S.C. § 1252, we grant the petition for review, vacate

the BIA's order, and remand the matter to the BIA for further proceedings consistent with this opinion.

## I.

Thok was admitted into the United States in 2009, and his status was later adjusted to that of a lawful permanent resident in 2012. As relevant to this appeal, Thok was convicted of theft by shoplifting, in violation of Neb. Rev. Stat. § 28-511.01, three separate times in 2010[1] and once in 2017 (each a misdemeanor). Accordingly, the Department of Homeland Security (DHS) initiated removal proceedings against Thok in 2017, charging Thok with removability on two grounds: (1) for being convicted of a felony crime involving moral turpitude within five years of admission, in violation of 8 U.S.C. § 1227(a)(2)(A)(i); and (2) for being convicted of two crimes or more involving moral turpitude, in violation of 8 U.S.C. § 1227(a)(2)(A)(ii).[2] DHS later alleged that, in 2018, Thok received another Nebraska theft-by-shoplifting conviction (but this time, a felony), as well as an attempted-terroristic-threatening conviction, in violation of Neb. Rev. Stat. §§ 28-201(4)(D) and 28-311.01. Based on these allegations, DHS charged Thok with removability on two additional grounds: (1) for being convicted of an aggravated felony for a theft offense, in violation of 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(G); and (2) for being convicted of an aggravated felony for a "crime of violence," in violation of 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(F).

---

[1]The record indicates that one of Thok's 2010 shoplifting convictions was pursuant to Lincoln, Neb., Mun. Code § 9.24.150. However, the IJ and BIA both identified all three 2010 offenses as violations of Neb. Rev. Stat. § 28-511.01. Because Thok did not challenge this finding before the agency, he does not do so now on appeal, and the matter does not affect the outcome of our decision, we state the facts in accordance with the BIA's decision.

[2]DHS also charged Thok with removability for being convicted of a firearms offense, in violation of 8 U.S.C. § 1227(a)(2)(C), based upon another allegation, but it later withdrew the charge.

At a hearing addressing Thok's removability, the IJ sustained all of DHS's allegations relevant to this appeal. The IJ then determined that Thok's 2018 conviction for shoplifting constituted an aggravated felony because it was a theft offense. The IJ found that while Thok's attempted-terroristic-threatening conviction was not a crime of violence under 8 U.S.C. § 1101(a)(43)(F), it was an *attempted* crime of violence under § 1101(a)(43)(U), rendering Thok removable.[3] The IJ also found that Thok's shoplifting offenses qualified as crimes involving moral turpitude, three of which Thok committed within five years of admission, satisfying the grounds of removability under 8 U.S.C. § 1227(a)(2)(A)(i) and (ii). Accordingly, the IJ found Thok removable on four grounds.

In a subsequent order regarding Thok's requested relief, the IJ determined that Thok was statutorily barred from obtaining relief in the form of asylum or cancellation of removal based upon his aggravated-felony convictions. The IJ then determined that Thok's conviction for attempted terroristic threatening was a particularly serious crime that barred withholding of removal. Finally, the IJ found that Thok failed to show that he would more likely than not be tortured in Sudan, as needed to obtain relief in the form of deferral of removal under the Convention Against Torture (CAT). However, the IJ found that Thok met his burden for deferral of removal as it related to South Sudan. Thus, the IJ ordered Thok removed to either Sudan or South Sudan but granted his request for deferral of removal to South Sudan.

Thok and DHS filed cross-appeals with the BIA. Thok argued, as relevant, that his convictions were not aggravated felonies, and DHS argued that the IJ erred in granting Thok deferral of removal to South Sudan. The BIA affirmed the IJ's finding that Thok's attempted-terroristic-threatening conviction was an aggravated felony crime of violence. Because only this conviction was needed to render Thok removable, the BIA did not address the shoplifting convictions. The BIA disagreed, however, with the IJ's finding that Thok had demonstrated a likelihood of torture

---

[3]Thok did not challenge the fact that the IJ substituted the grounds for removability before the BIA, nor does he before this Court.

should he be removed to South Sudan. Accordingly, it vacated the grant of deferral of removal.

Thok petitioned this Court for review, but while the appeal was pending, the Supreme Court issued <u>Borden v. United States</u>, 141 S. Ct. 1817 (2021), which held that "a crime of violence . . . requires a mens rea greater than recklessness— e.g., knowledge or intent." <u>United States v. Lopez-Castillo</u>, 24 F.4th 1216, 1219 n.2 (8th Cir. 2022) (articulating the holding in <u>Borden</u>). In response, DHS moved for remand so that the BIA could address the implications of the Supreme Court's decision on Thok's case in the first instance; we granted the motion. The BIA, at DHS's suggestion, determined that it was unnecessary to resolve whether Thok's attempted-terroristic-threatening conviction was an aggravated felony in light of <u>Borden</u> because it could rely on the other grounds of removability. The BIA focused on whether Thok's 2018 shoplifting conviction constituted an aggravated felony as a theft offense. First, the BIA determined that the mens rea of the Nebraska's shoplifting statute was a categorical match to the generic definition of theft. Second, while it found that the statute criminalized greater conduct than the generic definition of theft, the BIA determined that the statute was divisible. After applying the modified categorical approach, the BIA found that Thok's conviction was a theft offense and, thus, an aggravated felony. In conclusion, the BIA stated, "[Thok] thus remains deportable from the United States, and we need not revisit the reasons for denying him from relief from removal." And it noted, "Given the disposition, we need not re-engage with the matters raised in the DHS's initial cross-appeal." Administrative R. 20.

Thok again petitions this Court for review, arguing that the BIA erred by (1) limiting its review on remand to address only whether he had been convicted of a theft offense, (2) determining that the Nebraska shoplifting statute constitutes an aggravated felony as a theft offense, and (3) reversing the IJ's grant of deferral of removal to South Sudan.

II.

We begin by addressing Thok's second argument—that the Nebraska shoplifting statute criminalizes more conduct than the generic definition of theft and, thus, cannot qualify as an aggravated felony as a theft offense—because it is dispositive of the other issues on appeal. The BIA determined that Thok's 2018 shoplifting conviction was a theft offense and, accordingly, an aggravated felony rendering him removable. We review whether a state conviction is a theft offense under the Immigration and Naturalization Act de novo. See Ahmed v. Sessions, 890 F.3d 719, 720 (8th Cir. 2018) (per curiam).

An alien is removable if he commits an "aggravated felony at any time after admission," 8 U.S.C. § 1227(a)(2)(A)(iii), which includes "a theft offense . . . for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(G). To determine whether "a state conviction qualifies as an 'aggravated felony' . . . , we generally employ a 'categorical approach.'" Moncrieffe v. Holder, 569 U.S. 184, 190 (2013). In doing so, we consider "whether the state offense is comparable to an offense listed in the [Immigration and Nationality Act]." Id. "This requires us to 'look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony.'" Lopez-Chavez v. Garland, 991 F.3d 960, 966 (8th Cir. 2021) (citation omitted). "[A] state crime that is broader than the generic federal crime is not a categorical match and so cannot serve as a predicate offense for removal." Id. (citing Descamps v. United States, 570 U.S. 254, 261 (2013)).

"A 'theft offense within the meaning of [§ 1101(a)(43)(G)] consists of the taking of, or exercise of control over, property without consent whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent.'" Ahmed, 890 F.3d at 721 (alteration in original) (citation omitted). The Nebraska shoplifting statute states in relevant part:

(1) A person commits the crime of theft by shoplifting when he or she, with the intent of appropriating goods or merchandise to his or her own use without paying for the goods or merchandise or to deprive the owner of possession of such goods or merchandise or its retail value, in whole or in part, does any of the following:

> (a) Conceals or takes possession of the goods or merchandise of any store or retail establishment;

> (b) Alters the price tag or other price marking on goods or merchandise of any store or retail establishment;

> (c) Transfers the goods or merchandise of any store or retail establishment from one container to another;

> (d) Interchanges the label or price tag from one item of a good or of merchandise with a label or price tag for another item of a good or of merchandise;

> (e) Causes the cash register or other sales recording device to reflect less than the retail price of the goods or merchandise; or

> (f) Alters, bypasses, disables, shields, or removes any security or alarm device attached to or housing any goods or merchandise of any store, including the use or possession of a security device countermeasure as defined in section 28-511.03, prior to purchase of the goods or merchandise.

Neb. Rev. Stat. § 28-511.01. Thok argues that the shoplifting statute is overbroad for two reasons: (1) the statute articulates a broader mens rea than the generic definition of theft and (2) the statute's subsections, which all parties concede criminalize more conduct than the generic definition, are indivisible, preventing the application of the modified categorical approach. We agree that the mens rea is broader than the generic definition of theft, and, thus, have no need to address whether the subsections are divisible.

-6-

Generic theft under § 1101 requires "criminal intent to deprive the owner of the rights and benefits of ownership." Ahmed, 890 F.3d at 721. The Nebraska shoplifting statute, on the other hand, criminalizes not only those who act with the intent "to deprive the owner of possession of . . . goods or merchandise or its retail value" *but also* those who act only with the intent "of appropriating goods or merchandise to his or her own use without paying for the goods or merchandise." Neb. Rev. Stat. § 28-511.01(1). The BIA determined that "'appropriate' . . . focus[es] on the offender, whereas the term 'deprive' is owner-focused." We agree. While "appropriate" and "deprive" have almost identical meanings under Nebraska law—indeed, "appropriate" is used in the definition of "deprive," see Neb. Rev. Stat. § 28-509(1)(a)—the statute makes clear that the "intent to appropriate" clause captures an offender shoplifting for "his or her own use," whereas the "intent to deprive" clause captures an offender shoplifting "to deprive the owner." See Ash Grove Cement Co. v. Neb. Dep't. of Revenue, 947 N.W.2d 731, 738 (Neb. 2020) ("A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.").

Despite finding that the "intent to appropriate" clause focuses on committing the prohibited conduct for one's own benefit, the BIA determined that "an appropriation with intent not to pay necessarily deprives the owner of the rights and benefits of ownership." However, at least two of our sister circuits have disagreed, finding that "[m]erely 'appropriating the property' to one's 'own use' does not rise to the level of an 'intent to deprive the owner of the benefit . . . of the stolen goods.'" United States v. Medina-Torres, 703 F.3d 770, 775 (5th Cir. 2012); see also Ramos v. Att'y Gen., 709 F.3d 1066, 1069-71 (11th Cir. 2013) (finding a shoplifting statute with a similar mens rea to Nebraska's statute overbroad).

We agree with our sister circuits. We find the Eleventh Circuit's decision in Ramos particularly instructive. There, the petitioner was charged with removability for having committed an aggravated felony that was a theft offense, namely, shoplifting under Georgia law. See Ramos, 709 F.3d at 1067-68. The statute at issue criminalized those who committed the prohibited acts with "the intent of

-7-

appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part." Id. at 1068 (emphasis omitted) (quoting Ga. Code Ann. § 16-8-14(a)). The Eleventh Circuit held that the statute articulated two distinct mentes reae. Id. at 1070-71. It further held that the "intent of appropriating" clause was broader than the specific intent required to commit generic theft. Id. at 1071. Accordingly, the Eleventh Circuit found that the petitioner could not be removed for having committed a theft offense based on his Georgia shoplifting conviction.

For Nebraska's shoplifting statute to be a categorical match to the generic definition of theft, it must criminalize *only* those who act with the specific intent to "deprive the owner of the right and benefits of ownership." Ahmed, 890 F.3d at 721. Contrary to the BIA's order, that appropriation "*necessarily* deprives the owner of the rights and benefits of ownership" does not mean that the offender acted with the *specific intent* for that deprivation to occur. For example, an individual, when taking an item for his own benefit, may *know* that the owner will be deprived of possession of that item even though he does not "consciously desire" that result. See Borden, 141 S. Ct. at 1823 (plurality opinion) ("A person acts purposefully when he 'consciously desires' a particular result. He acts knowingly when 'he is aware that [a] result is practically certain to follow from his conduct,' whatever his affirmative desire." (alteration in original) (citations omitted)). Because an offender can be convicted under Nebraska's shoplifting statute when he acts with an intent not encompassed by a generic theft offense, we hold that the statute sweeps more broadly than the generic federal offense. Accordingly, the BIA erred in finding that Thok was removable for having committed a theft offense—and, thus, an aggravated felony—based upon his Nebraska shoplifting convictions.

Because we find that the BIA erred in finding Thok removable, we have no need to review his other claims on appeal.

## III.

For the foregoing reasons, we grant the petition for review, vacate the BIA's order, and remand the matter to the BIA for further proceedings consistent with this decision.

_____