# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3156

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Lamont Rice

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: May 6, 2024
Filed: June 26, 2024
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Antonio Lamont Rice was released from prison in early 2023 after serving a lengthy sentence for his 2014 felon in possession of a firearm conviction, 18 U.S.C. § 922(g)(1). While Rice was on supervision, the district court[1] found that he had

---

[1] The Honorable Susan Webber Wright, then United States District Judge for the Eastern District of Arkansas, took inactive status on October 1, 2023.

committed a Grade A violation during an altercation with his wife and sentenced him to 24 months—the statutory maximum term of imprisonment on revocation—plus one year of supervised release. See 18 U.S.C. § 3583(e)(3). Rice did not object.

On appeal, Rice argues that the district court plainly erred in classifying his supervised release violation. See United States v. Thomas, 790 F.3d 784, 786 (8th Cir. 2015) (per curiam) (standard of review). Grade A violations include "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence." U.S.S.G. § 7B1.1(a)(1). The Arkansas offense of "threaten[ing] to cause death or serious physical injury . . . to another person" with "the purpose of terrorizing another person," Ark. Code § 5-13-301(a)(1)(A), is a Grade A violation. It is punishable by a term of imprisonment of up to six years, see §§ 5-13-301(a)(2), 5-4-401(a)(5), and it is a crime of violence, see United States v. Myers, 928 F.3d 763, 766–67 (8th Cir. 2019).

The district court did not plainly err by finding that Rice committed a Grade A violation. Rice and his wife had a heated, late-night argument. He took his wife's car keys, got in the driver's seat, and put the keys in the ignition. His wife then jumped in the passenger's seat, tried to grab the keys, and started pulling Rice's hair. Meanwhile, Rice grabbed her neck and pushed her head down. She fell from the car as Rice drove off, grazing her foot with a tire in the process. Rice returned, speeding toward her with the headlights turned off. She testified that she pushed her son out of the way, fearing that Rice would hit them both.

Because the evidence supports a finding that Rice violated § 5-13-301(a)(1)(A), we affirm the district court's judgment.

_____