1999 ND 81

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Peter L. McKING, Defendant and Appellant.**

No. 980279.

Supreme Court of North Dakota.

April 29, 1999.

Robert W. Martin (submitted on brief), Bismarck, for defendant and appellant.

Richard J. Riha, State's Attorney (submitted on brief), Bismarck, for plaintiff and appellee.

MARING, Justice.

[¶ 1] Peter McKing appeals from a criminal judgment entered upon a jury verdict finding him guilty of class C felony robbery. We hold the district court did not err by refusing to give a lesser included offense jury instruction. We also hold substantial evidence existed to support the jury's guilty verdict. We affirm.

[¶ 2] On January 7, 1998, at approximately 10:00 a.m., Greg Jahraus, a delivery truck driver, was parked on the south side of Little Caesar's pizzeria on South Washington Street in Bismarck, North Dakota. While Jahraus was completing paperwork in the cab of his delivery truck between deliveries, McKing climbed onto the step leading to the cab and peered his head into the open window. After briefly exchanging comments with Jahraus, McKing reached through the open window of the truck and put Jahraus into a head-lock. Jahraus tried unsuccessfully to pull away from McKing. When Jahraus asked McKing what he wanted, McKing demanded five dollars. Jahraus was released when he agreed to give McKing the money. While Jahraus leaned over to remove his wallet, McKing entered the cab of the vehicle and repeated his demand for money. When the money was handed over, McKing exited the vehicle. Jahraus then continued on his delivery route. He did not contact the police until after he returned to the warehouse and discussed the matter with his supervisor. Jahraus later identified McKing in a photograph line-up.

[¶ 3] McKing argues the jury should have been instructed on the lesser included offense of theft of property. We apply a two-step analysis to determine whether a defendant is entitled to a lesser included offense instruction. *State v. Carlson*, 1997 ND 7, ¶ 34, 559 N.W.2d 802. The first step requires consideration of the legal elements of the offenses, while the second step requires an ad hoc factual determination. Under the first step, the defendant must show that the offense is a lesser included offense of the offense charged. The relevant portion of N.D.C.C. § 12.1–01–04(15) defines an "included offense" as an offense "[w]hich is established by proof of the same or less than all the facts required to establish commission of the offense charged." Put another way, "[a] lesser offense is necessarily included in a greater offense if it is impossible to commit the greater without also committing the lesser." *Carlson*, 1997 ND 7, ¶ 35, 559 N.W.2d 802. Under the second step, the defendant must show there is evidence which creates a reasonable doubt as to the greater offense, but supports a conviction of the lesser offense beyond a reasonable doubt. *Id.* at ¶ 34; *see also State v. Clinkscales*, 536 N.W.2d 661, 663 (N.D.1995).

[¶ 4] McKing argues theft is "part and parcel" of the definition of robbery and thus clearly established by proof of the same or less than all the facts required to prove robbery. Under N.D.C.C. § 12.1–23–02(1) a person is guilty of theft when he "[k]nowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof." The problem with McKing's argument is that it ignores the plain language of our robbery statute, N.D.C.C. § 12.1–22–01, which clearly does not require theft as a predicate act to prove robbery.

[¶ 5] In North Dakota, a person commits robbery if (1) "in the course of committing a theft" (2) he or she "inflicts or attempts to inflict bodily injury upon another or threatens or menaces another with imminent bodily injury." N.D.C.C. § 12.1–22–01(1). The robbery statute further provides "[a]n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft, *whether or not the theft is successfully completed,* or in immediate flight from the commission of, or an unsuccessful effort to commit, the theft." N.D.C.C. § 12.1–22–01(3) (emphasis added). It is, therefore, possible under our statute to commit robbery without committing theft.

[¶ 6] N.D.C.C. § 12.1–22–01 is patterned after Section 1721 of the proposed Federal Criminal Code. To help us understand our corresponding provisions to the proposed Federal Criminal Code, we may look to the drafters' official commentaries, the Working Papers of the National Commission on the Reform of Federal Criminal Laws (1970–71). *E.g., Carlson,* 1997 ND 7, ¶ 18, 559 N.W.2d 802. We note the drafters of the proposed Federal Criminal Code describe the "in the course of committing a theft" element of the robbery statute as the "most substantial reform of present law under the proposal . . . [because] the emphasis is on the use of force, rather than the successful taking of property." II Working Papers at 905. The drafters further opine "the crime of robbery itself—under this definition, occurs at the moment the threat is made or force is used to obtain property." *Id.* at 905–06 (footnote omitted).

[¶ 7] We conclude theft is not a lesser included offense of robbery because theft requires an element which our robbery statute does not require. Thus, the district court did not err by refusing to give the requested lesser included offense instruction.

[¶ 8] McKing also argues the State presented insufficient evidence to sustain the guilty verdict. In determining whether there was sufficient evidence to convict McKing, we look only to the evidence most favorable to the guilty verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. *State v. Kunkel,* 548 N.W.2d 773, 773 (N.D.1996).

Substantial evidence exists when a rational fact finder could have found the defendant guilty beyond a reasonable doubt. *Id.*

[¶ 9] To convict McKing of class C felony robbery the State had to establish beyond a reasonable doubt that McKing, in the course of committing a theft, inflicted or attempted to inflict bodily injury upon Jahraus, or threatened or menaced him with imminent bodily injury. N.D.C.C. § 12.1–22–01. Jahraus testified at trial he was in pain and afraid for his safety while McKing had him in the head-lock. Jahraus also testified he was afraid McKing would harm him when McKing entered the cab of the truck and again demanded money. McKing makes much of the fact that Jahraus was not injured by the altercation, yet the statute does not require the victim to suffer bodily injury. N.D.C.C. § 12.1–22–01(1) ("inflicts or attempts to inflict bodily injury upon another or threatens or menaces another with imminent bodily injury"). McKing also contends the fact Jahraus did not report the altercation until three hours later is evidence that Jahraus was not put in fear by McKing's actions. The statute requires no element of fear on the part of the victim, and as Jahraus explained, he did not report the incident immediately because he felt he was out of danger once McKing fled, and he was concerned about making his remaining deliveries on time. This evidence of McKing's actions was sufficient to establish McKing threatened or menaced Jahraus with imminent bodily harm or attempted to inflict bodily harm in the course of committing a theft. After reviewing the evidence in the record in the light most favorable to the verdict, we conclude there is substantial competent evidence to support the jury's verdict finding McKing guilty of robbery.

[¶ 10] We affirm the conviction.

[¶ 11] VANDE WALLE, C.J., NEUMANN and SANDSTROM, JJ., and ZANE ANDERSON, District Judge, concur.

[¶ 12] ZANE ANDERSON, D.J., sitting in place of KAPSNER, J., disqualified.