# Matter of Luk Rial KOAT, Respondent

*Decided January 27, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Section 714.1 of the Iowa Code is divisible with respect to whether a violation of the statute involved theft by taking without consent or theft by fraud or deceit, permitting an Immigration Judge to review the conviction record under a modified categorical approach to determine whether the violation involved aggravated felony theft as defined in section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G) (2018).

FOR RESPONDENT: Allison J. Heimes, Esquire, Omaha, Nebraska

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kathleen M. Zapata, Associate Legal Advisor

BEFORE: Board Panel: O'CONNOR and BAIRD, Appellate Immigration Judges; DE CARDONA, Temporary Appellate Immigration Judge.

O'CONNOR, Appellate Immigration Judge:

In a decision dated July 9, 2020, an Immigration Judge determined that the respondent's convictions for theft in the first degree under Iowa law and aggravated robbery in the second degree under Minnesota law rendered him removable as charged and denied his applications for relief from removal. The respondent has appealed from the Immigration Judge's determination regarding his removability. Because we conclude that the respondent's Iowa theft offense is an aggravated felony, his appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native of Ethiopia and citizen of South Sudan who is a lawful permanent resident of the United States. In November 2018, he was convicted of aggravated robbery in the second degree under Minnesota law, and, in May 2019, he was convicted of theft in the first degree in violation of sections 714.1 and 714.2(1) of the Iowa Code. For the latter offense, he was sentenced to a term of imprisonment not to exceed 10 years.

Based on these convictions, the respondent was placed in removal proceedings and charged with removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2018), as a respondent convicted of an aggravated felony theft offense for which the

term of imprisonment is at least 1 year as defined in section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (2018).[1] He was also charged with removability under section 237(a)(2)(A)(ii) of the Act, as a respondent convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

The Immigration Judge sustained both charges, finding that the respondent's conviction for theft in the first degree under Iowa law is a conviction for an aggravated felony theft offense and that this offense and his Minnesota aggravated robbery are crimes involving moral turpitude. The Immigration Judge further found both convictions barred the respondent from applying for relief from removal and denied his applications.

On appeal, the respondent contends the Immigration Judge erred in finding that his conviction for theft in the first degree under Iowa law is a conviction for an aggravated felony theft offense and a crime involving moral turpitude.[2] The Department of Homeland Security ("DHS") has submitted a brief in opposition to the appeal.[3] For the following reasons, we conclude, upon our de novo review, that the respondent's conviction for theft in the first degree under sections 714.1 and 714.2(1) of the Iowa Code is a conviction for an aggravated felony theft offense that renders him removable as charged under section 237(a)(2)(A)(iii) of the Act. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2021). Because this conclusion is dispositive of the respondent's removability, we need not address whether he was convicted of two or more crimes involving moral turpitude under section 237(a)(2)(A)(ii) of the Act. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

---

[1] The respondent had been previously placed in removal proceedings based on different convictions. He was found to be removable based on these convictions but was granted relief from removal.

[2] The respondent does not challenge the Immigration Judge's determination that his Minnesota aggravated robbery offense is a crime involving moral turpitude, nor does he challenge the Immigration Judge's grounds for denying his applications for relief. We deem any arguments in this regard to be waived. *See, e.g.*, *Matter of Y-I-M-*, 27 I&N Dec. 724, 730 n.2 (BIA 2019).

[3] We requested supplemental briefing from the parties and amici curiae on whether State case law establishes that section 714.1 of the Iowa Code is divisible with regard to the type of theft involved in a violation of the statute. We acknowledge and appreciate the briefs submitted by the parties and amici.

## II. DISCUSSION

### A. Categorical Approach

To determine whether the respondent's crime is an aggravated felony theft offense, we employ the categorical approach by comparing the elements of his Iowa statute of conviction to the generic definition of aggravated felony theft at section 101(a)(43)(G). *See Matter of Delgado*, 27 I&N Dec. 100, 100–01 (BIA 2017). If the elements of the statute of conviction plainly reach conduct outside the generic definition, or if there is a realistic probability the statute would be used to prosecute such conduct, the statute is overbroad and does not categorically match the generic definition. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013).

If the respondent's statute of conviction is overbroad, we must consider whether it is divisible—that is, whether it "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257 (2013). If it is divisible, we may examine the relevant conviction records— including the criminal complaint and plea agreement—under a modified categorical approach to identify under which statutory alternative the respondent was convicted. *See id.*; *see also Shepard v. United States*, 544 U.S. 13, 26 (2005).

For purposes of the categorical approach, the Supreme Court provided a specific definition for the term "elements," stating that they "are the 'constituent parts' of a crime's legal definition," which the "prosecution must prove to sustain a conviction" and "the jury must find beyond a reasonable doubt to convict the defendant." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (citation omitted). In contrast to "elements," the Court stated that alternative "means" in a statute merely describe diverse ways "of satisfying a single element," or "spell[] out various factual ways of committing . . . the offense." *Id.* at 2249. In other words, "means" "are 'circumstance[s]' or 'event[s]' having no 'legal effect [or] consequence'" that need not "be found by a jury." *Id.* at 2248 (alterations in original) (citation omitted). If the respondent's statute of conviction lists alternative "means," rather than "elements," then we do not apply the modified categorical approach, and his conviction cannot serve as a predicate for his removal. *See id.* at 2251.

The courts have specified "authoritative sources of state law" we may look to in determining whether, for purposes of divisibility, a statute sets forth alternative "elements," rather than "means": (1) the statutory language; (2) State court decisions; (3) relevant jury instructions; and (4) if State "law fails to provide clear answers," the record of conviction. *Id.* at 2249, 2256–57; *see also Martinez v. Sessions*, 893 F.3d 1067, 1071 (8th Cir. 2018).

### B. Aggravated Felony Theft

Generic theft under section 101(a)(43)(G) of the Act is defined as "the taking of, or exercise of control over, property without consent whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent." *Matter of Garcia-Madruga*, 24 I&N Dec. 436, 440–41 (BIA 2008) (footnote omitted). This definition does not encompass crimes committed by fraud or deceit because such an offense "ordinarily involves the taking or acquisition of property with consent that has been fraudulently obtained." *Id.* at 440.

Section 714.1 of the Iowa Code sets forth a number of alternative definitions of "theft"—some of which involve generic theft, while others involve theft by fraud or deceit. *Compare* Iowa Code Ann. § 714.1(1) (West 2019) (criminalizing theft by taking without consent), *with* Iowa Code § 714.1(3) (theft by deception), *and* Iowa Code § 714.1(6) (theft by check).[4]

---

[4]   At the time of the respondent's offense, section 714.1 of the Iowa Code provided, in pertinent part, that an individual

> commits theft when the person does any of the following:
>    1. Takes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof.
>    2. Misappropriates property which the person has in trust, or property of another which the person has in the person's possession or control, whether such possession or control is lawful or unlawful, by using or disposing of it in a manner which is inconsistent with or a denial of the trust or of the owner's rights in such property, or conceals found property, or appropriates such property to the person's own use, when the owner of such property is known to the person.
>    . . . .
>    3. Obtains the labor or services of another, or a transfer of possession, control, or ownership of the property of another, or the beneficial use of property of another, by deception. . . .
>    4. Exercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer. . . .
>    5. Takes, destroys, conceals or disposes of property in which someone else has a security interest, with intent to defraud the secured party.
>    6. Makes, utters, draws, delivers, or gives any check, share draft, draft, or written order on any bank, credit union, person, or corporation, and obtains property, the use of property, including rental property, or service in exchange for such instrument, if the person knows that such check, share draft, draft, or written order will not be paid when presented.
>    . . . .
>    7. Obtains gas, electricity or water from a public utility or obtains cable television or telephone service from an unauthorized connection to the supply or

Accordingly, section 714.1 is overbroad relative to the definition of aggravated felony theft under section 101(a)(43)(G). *See Moncrieffe*, 569 U.S. at 190–91.

We must therefore determine whether the alternative definitions of theft under section 714.1 of the Iowa Code are alternative elements of the statute, rendering it divisible with respect to whether a violation of the statute involved theft by taking without consent or theft by deception or fraud.[5] *See Descamps*, 570 U.S. at 257. Based on the Iowa Supreme Court's decision in *State v. Nall*, 894 N.W.2d 514 (Iowa 2017), the Immigration Judge found, and the DHS argues on appeal, that the respondent's statute of conviction is divisible.

In that case, the Iowa Supreme Court held that to be convicted of theft by taking under section 714.1(1), "a person must acquire property *without the consent* or authority of another." *Id.* at 524 (emphasis added). The defendant in *Nall* was convicted of theft by taking under section 714.1(1) after she used

service line or by intentionally altering, adjusting, removing or tampering with the metering or service device so as to cause inaccurate readings.

    8. Knowingly and without authorization accesses or causes to be accessed a computer, computer system, or computer network, or any part thereof, for the purpose of obtaining computer services, information, or property or knowingly and without authorization and with the intent to permanently deprive the owner of possession, takes, transfers, conceals, or retains possession of a computer, computer system, or computer network or any computer software or computer program, or computer data contained in a computer, computer system, or computer network.

    9. a. Obtains the temporary use of video rental property or equipment rental property with the intent to deprive the owner of the use and possession of the video rental property or equipment rental property without the consent of the owner.

    . . . .

    10. Any act that is declared to be theft by any provision of the Code.

Section 714.2(1) of the Iowa Code, in turn, provided, in relevant part, that the "theft of property exceeding ten thousand dollars in value, or the theft of property from the person of another . . . is theft in the first degree."

[5] We recognize that in *Matter of Reyes*, 28 I&N Dec. 52, 52–54 (A.G. 2020), the Attorney General concluded that a respondent had been convicted of an aggravated felony under a State theft statute where all the elements in each alternative statutory definition of theft, and thus all the means of committing theft under the statute, corresponded to either an aggravated felony theft *or* an aggravated felony involving fraud or deceit in which the loss to the victim exceeds $10,000 under section 101(a)(43)(M)(i) of the Act. However, *Matter of Reyes* does not apply here because, at the time of the respondent's offense, not all thefts by fraud under section 714.1 involved a loss of more than $10,000, as required by section 101(a)(43)(M)(i). *See, e.g.*, Iowa Code Ann. § 714.2(2) (West 2019) (grading "theft of property exceeding one thousand five hundred dollars *but not exceeding ten thousand dollars*" as theft in the second degree (emphasis added)).

counterfeit checks and "a phony money order" to make bank withdrawals and pay for services. *Id.* at 515–16, 525. Because the defendant had obtained the consent of her victims through fraud and deceit, the court concluded that her conduct could not support a charge for theft by taking under section 714.1(1) and reversed her conviction. *Id.* at 524–25.

Significantly, the court then said that this very same conduct may support a "charge under section 714.1(6) (theft by check)." *Id.* at 525. This statement suggests that the alternative definitions of theft listed at sections 714.1(1) and (6) are alternative elements of the statute, which the State must prove to sustain a conviction. If these definitions are merely means of committing theft, and the individual definition under which a defendant is charged and convicted has no "legal effect [or] consequence," then the court in *Nall* would have *upheld* the defendant's conviction. *Mathis*, 136 S. Ct. at 2248 (alteration in original) (citation omitted).

It is likewise significant that in a separate case the court reversed a conviction for theft by check under section 714.1(6), while opining that the defendant's conduct could support a conviction for theft by deception under section 714.1(3). *State v. Schiebout*, 944 N.W.2d 666, 671–72 (Iowa 2020). In doing so, the court recognized that sections 714.1(3) and (6) "overlap" but emphasized that the overlap is not complete and that each provision covers some conduct not covered by the other provision. *Id.* at 672 (quoting *State v. Hogrefe*, 557 N.W.2d 871, 878 (Iowa 1996) (noting that sections 714.1(3) and (6) are "complementary rather than redundant")). Again, if it is legally irrelevant under which subsection of 714.1 a defendant is convicted, we do not see why the Iowa Supreme Court would have reversed the convictions in *Nall* and *Schiebout* if the conduct at issue could support a conviction for theft under at least one of those subsections.[6]

The legislative history of section 714.1, which the court addressed at length in *Nall*, lends additional support to our conclusion that theft by taking under section 714.1(1) and theft by fraud or deceit under sections 714.1(3) and (6) are alternative crimes with discrete elements. In 1978, the Iowa Legislature collected a number of "definitions of theft" under section 714.1 "that had been previously scattered" throughout the Iowa Code, including theft by taking and theft by fraud and deception. *Nall*, 894 N.W.2d at 519. However, the Iowa Supreme Court noted in *Nall* that this restructuring "does not necessarily mean that the legislature intended [theft by taking under]

---

[6] We additionally note that the court stated that each definition of theft in a prior version of section 714.1 requires proof of a different "degree[] of intent: 714.1(1) requires intent to deprive; 714.1(3) requires deception; 714.1(4) requires knowledge; 714.1(5) requires intent to defraud; and 714.1(6) requires knowledge." *Eggman v. Scurr*, 311 N.W.2d 77, 79 (Iowa 1981); *see also Matter of Chairez*, 26 I&N Dec. 819, 824 (BIA 2016) (stating that a statute is divisible into separate offenses with distinct mental states if the State is required to prove that these offenses were committed with a particular mental state).

Iowa Code section 714.1(1) to subsume the other subsections of newly enacted section 714.1." *Id.* Significantly, the court stated:

> If section 714.1(1) applied whenever the defendant tricked the victim into voluntarily transferring property, there would be no need for section 714.1(3) covering [theft by deception]. Similarly, if passing a knowingly bad check or money order to obtain services or property violated section 714.1(1), then section 714.1(6) would seem unnecessary.

*Id.* at 519–20 (citations omitted).

The court observed that "the Nebraska Supreme Court upheld [a] defendant's conviction for theft by taking even though the defendant had been charged only with theft by deception." *Id.* at 521 (citing *State v. Jonusas*, 694 N.W.2d 651, 655 (Neb. 2005)). "As in Iowa, the two theft alternatives are separately defined . . . ." *Id.* However, unlike Iowa law, Nebraska law contains a consolidation provision, stating that "all variants of theft constitute a single offense." *Id.*; *see also id.* at 521–22 (noting that "the Iowa legislature chose not to adopt [a similar] consolidation provision . . . when it enacted" section 714.1). The court in *Nall* found it significant that most jurisdictions that lack such a consolidation provision "recognize[] and enforce[] distinctions among . . . various theft offenses." *Id.* at 523 (collecting cases). Accordingly, the court concluded that the Iowa Legislature intended to distinguish between different modes of theft when it enacted section 714.1. It only intended section 714.1(1) to reach theft involving a taking without consent, not theft by fraud or deceit, and any other interpretation would render sections 714.1(3) and (6) superfluous. *Id.* at 524.

The relevant Iowa jury instructions also support our view that theft by taking under section 714.1(1) and theft by fraud or deceit under sections 714.1(3) and (6) are separate crimes with discrete elements. *See Martinez*, 893 F.3d at 1071. Iowa provides separate instructions for theft by taking, deception, and check under sections 714.1(1), (3), and (6), respectively, and each of these instructions sets forth distinct elements that the State must prove and a jury must find.[7] Because the State must prove that a defendant

---

[7]   The instruction for theft by taking, at Iowa Crim. Jury Instr. § 1400.1 (Iowa Bar Assoc. 2018), provides that the State must prove the following elements:

> 1. On or about the _____ day of _____, 19__, the defendant took possession or control of (property).
> 2. The defendant did so with the intent to deprive (victim) of the (property).
> 3. The property, at the time of the taking, [belonged to] [was in the possession of] (victim).

The instruction for theft by deception, at Iowa Crim. Jury Instr. § 1400.10, provides that the State must prove these elements:

committed one of these specific forms of theft, we conclude that these definitions of theft under section 714.1 are alternative elements, not alternative means of committing a theft offense. *Cf. State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981) (stating that if "alternative method[s] of committing" an offense are consistent with and "not repugnant to each other" the State need not prove that the defendant committed one specific alternative (citation omitted)).

Finally, even if the above sources do not clearly resolve the means versus elements inquiry, we may "peek" at the respondent's record of conviction "for 'the sole and limited purpose of determining whether [the definitions under section 714.1 are alternative] element[s] of the offense.'" *Mathis*, 136 S. Ct. at 2256–57 (second alteration in original) (citation omitted). The criminal complaint and plea agreement in the record reveal that the respondent was charged with and convicted of one count of theft in the first degree under section 714.1. This count alleged that he "did take property from the person of another with intent to deprive the person thereof." The conviction record's "referenc[e] [to] one alternative" form of theft—specifically, theft by taking under section 714.1(1)—"to the exclusion of" theft by deception or by check supports our view that these alternative definitions of theft are separate offenses with distinct elements. *Id.* at 2257.

In light of our review of the above "authoritative sources of state law," we conclude that theft by taking under section 714.1(1) and theft by deception and check under sections 714.1(3) and (6), respectively, are alternative crimes with discrete elements, rendering the statute divisible with

---

1. On or about the _____ day of _____, 20__, the defendant did (set forth acts of deception—words, conduct, or representation) to (victim).
2. The defendant knowingly deceived (victim) in one or more of the following ways: (add the appropriate subsections of 702.9 of the Code).
3. The defendant obtained [labor or services] [transfer of possession] [control or ownership] [the beneficial use of property] from (victim) by the deception.

Finally, the instruction for theft by check, at Iowa Crim. Jury Instr. § 1400.17, provides that the State must prove the following elements:

1. On or about the _____ day of _____, 20__, the defendant did [make] [utter] [draw] [deliver] [give] to (victim) a [check] [draft] [written order] in the amount of $_____.
2. The [check] [draft] [written order] was drawn on (e.g., bank).
3. The defendant received [property] [services] [money] in exchange for the [check] [draft] [written order].
4. The defendant knew at the time [he] [she] gave the [check] [draft] [written order] to (victim) it would not be paid by the [bank] [other institution] because (state facts shown by evidence, e.g., insufficient funds, closed account, no account).

respect to whether a violation of section 714.1 involved aggravated felony theft, or theft by fraud or deceit. *Id.* at 2256.

Citing *State v. Williams*, 328 N.W.2d 504 (Iowa 1983), and *State v. Conger*, 434 N.W.2d 406 (Iowa Ct. App. 1988), the respondent argues that the definitions of theft at section 714.1 are alternative means, rather than elements. We are not persuaded that these cases, which predate *Mathis* and its progeny by several decades, support the respondent's argument. These State court decisions may, at first blush, appear to conclude that the definitions of theft at section 714.1 are alternative means of committing theft, rather than alternative elements. However, we recently emphasized that it is important to read such cases carefully, paying close attention to the context in which a State court used terms like "elements" and "means" and the specific questions addressed. *See Matter of Laguerre*, 28 I&N Dec. 437, 441 (BIA 2022).

In *Conger*, 434 N.W.2d at 409, a defendant was convicted of a single count of theft after a jury was given instructions for both theft by taking under section 714.1(1) and exercising control over stolen property under section 714.1(4). The defendant argued that the trial court erred in allowing the jury to convict him of theft without being unanimous as to the type of theft committed. The Iowa court of appeals upheld the conviction, noting that a "person cannot commit theft by taking without also exercising control over the property, so the two . . . . alternatives are not inconsistent or repugnant in that they represent different points of time within one crime." *Id.* at 409–10. This language appears to suggest that theft by taking and exercising control over stolen property are alternative means of committing theft, not elements.

However, the court noted it could only reach this result because these statutory alternatives are "consistent with and not repugnant to each other." *Id.* at 409. As we explained above, theft by taking under section 714.1(1) and theft by fraud or deceit under sections 714.1(3) and (6) are clearly inconsistent with, and thus repugnant to, each other because the former section requires a taking without consent, while the latter do not. Accordingly, we believe *Conger* is consistent with our conclusion that theft by taking and theft by fraud or deceit are alternative crimes with distinct elements under section 714.1, rather than means of violating the statute.

In *Williams*, 328 N.W.2d at 505–06, the Iowa Supreme Court concluded that the State's decision to amend the form of theft charged—from theft by taking under section 714.1(1) to theft by exercising control of stolen property under section 714.1(4)—after the defense had rested was reversible error. The court noted that a charge may be amended "only if (1) substantial rights of the defendant are not prejudiced thereby, and (2) a wholly new or different offense is not charged." *Id.* at 505 (citation omitted). The court's decision rested solely on its finding that the "first prong, no prejudice to substantial rights of defendant, [was] not satisfied in the . . . case." *Id.* It then noted that

an "amendment without prejudice . . . might have been made . . . , alleging the alternate theory of theft by exercising control over stolen property" because the State "would not have been alleging a 'wholly new and different offense' but merely an *alternative means* of committing the same offense." *Id.* at 506 & n.3 (emphasis added). Because this latter statement was not necessary to the court's holding, which rested solely on the finding of prejudice, we consider it dicta. *See Passmore v. Astrue*, 533 F.3d 658, 661 (8th Cir. 2008) (defining "dicta" as a statement that "is unnecessary to the decision in the case" (citation omitted)).

More importantly, *Williams* did not discuss the issue we address today, namely, whether Iowa's theft statute is divisible with respect to whether a violation involved theft by taking under section 714.1(1) or theft by fraud or deceit under sections 714.1(3) and (6). As noted, our review of State law reflects they are discrete crimes with distinct elements. *Williams* also did not accord the term "alternative means" the specific meaning and significance the Supreme Court did in *Mathis*. Nor could it have. *Williams* was issued years before the Supreme Court first articulated the categorical approach in *Taylor v. United States*, 495 U.S. 575 (1990), and decades before the Court articulated the distinction between "means" and "elements" in *Mathis*. We doubt the court in *Williams* intended to describe each subsection of section 714.1 as mere facts, "extraneous to the crime's legal requirements." *Mathis*, 136 S. Ct. at 2248.

We therefore hold that section 714.1 of the Iowa Code is divisible with respect to whether a violation of the statute involved theft by taking or theft by fraud or deceit. It was therefore permissible for the Immigration Judge to review the respondent's conviction record, including his plea agreement and criminal complaint, to determine whether his violation involved generic theft. *See Shepard*, 544 U.S. at 26. As noted, this record establishes that he was specifically convicted of theft by taking under section 714.1(1) of the Iowa Code, the elements of which match the generic definition of aggravated felony theft under section 101(a)(43)(G). *See Nall*, 894 N.W.2d at 524. There is no dispute that the respondent's theft offense is one for which the term of imprisonment is at least one year, as required by section 101(a)(43)(G) of the Act. We will therefore affirm the Immigration Judge's conclusion that the respondent's conviction for theft in the first degree under sections 714.1(1) and 714.2(1) of the Iowa Code is one for an aggravated felony theft offense that renders him removable as charged under section 237(a)(2)(A)(iii) of the Act. Accordingly, the appeal is dismissed.

**ORDER:** The respondent's appeal is dismissed.