# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1318
_____

Nguyen Chi Cuong Nmn Huynh

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 12, 2023
Filed: May 28, 2024

_____

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Nguyen Chi Cuong Nmn Huynh petitions for review of a Board of Immigration Appeals (BIA) order affirming that he is removable because he was convicted of a state crime constituting "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). Because Huynh's statute of conviction is plainly broader than this generic federal offense, we grant his petition for review.

## I.

Huynh is a citizen of Vietnam.  He was admitted to the United States as a lawful permanent resident in 2017, and less than five years later, he was convicted in Iowa of "knowingly purchas[ing] or possess[ing] a visual depiction of a minor engaging in a prohibited sexual act or the simulation of a prohibited sexual act." Iowa Code § 728.12(3).

The Immigration and Nationality Act (INA) provides for the removal of "[a]ny alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii).  It defines "aggravated felony" to include a host of offenses, including those "described in" 18 U.S.C. § 2252 "relating to child pornography."   8 U.S.C. § 1101(a)(43)(I).   But the Department of Homeland Security did not charge him as removable under subparagraph (I).  Instead, it sought his removal under subparagraph (A) for committing a crime constituting "murder, rape, or sexual abuse of a minor."  *Id.* § 1101(a)(43)(A).  An immigration judge found Huynh removable, and the BIA dismissed his appeal.

## II.

We have jurisdiction to review *de novo* whether a state crime qualifies as sexual abuse of a minor.  *Aguilar-Sanchez v. Garland*, 87 F.4th 878, 880 (8th Cir. 2023).  Under the "categorical approach," we look "not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony."  *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (cleaned up) (citation omitted).  Huynh is removable if the "least of the acts criminalized" by the Iowa statute "are encompassed by the generic federal offense" of sexual abuse of a minor. *Id.* at 191 (cleaned up) (citation omitted).  But he is not removable if the Iowa statute is unambiguously broader.  *Gonzalez v. Wilkinson*, 990 F.3d 654, 661 (8th Cir. 2021).

-2-

Huynh and the Government agree that Iowa Code § 728.12(3) has only two elements: (1) the defendant knowingly purchased or possessed a visual depiction that (2) showed a person under the age of 18 engaging in a prohibited sexual act or the simulation of a prohibited sexual act. *State v. Manning*, No. 13-1111, 2014 WL 5243347, at *6 (Iowa Ct. App. Oct. 15, 2014); *see also* Iowa Crim. Jury Instructions § 910.3 (2022). So the least of the acts criminalized by § 728.12(3) is, as relevant here, knowingly possessing a prohibited image. We hold that this conduct falls outside the generic federal offense of sexual abuse of a minor.

"We begin, as always, with the text," using "normal tools of statutory interpretation." *Esquivel–Quintana v. Sessions*, 581 U.S. 385, 391 (2017). Congress did not define sexual abuse of a minor when it added the term to the INA in 1996, but "reliable dictionaries" from that time "provide evidence" of its meaning. *Id.* at 391–92. In 1996, "the ordinary meaning of 'sexual abuse' included 'the engaging in sexual contact with a person who is below a specified age or who is incapable of giving consent because of age or mental or physical incapacity.'" *Id.* at 391 (quoting Merriam–Webster's Dictionary of Law 454 (1996)); *see also Sexual Abuse*, Random House Webster's Unabridged Dictionary 1755 (2d ed. 1997) ("rape, sexual assault, or sexual molestation"); *Sexual Abuse*, Black's Law Dictionary 10 (7th ed. 1999) ("[a]n illegal sex act, esp[ecially] one performed against a minor by an adult"). Similarly, a closely related statute that Congress revised the same year defines sexual abuse of a minor as "knowingly engag[ing] in a sexual act with another person" of a prohibited age. 8 U.S.C. § 2243(a); *see Esquivel–Quintana*, 581 U.S. at 394–95 ("rely[ing] on § 2243(a) for evidence of the meaning of sexual abuse of a minor" but declining to adopt it as the "complete or exclusive definition"). None of these definitions captures simple possession of child pornography.

The BIA, for its part, "invoke[s]" 18 U.S.C. § 3509(a) "as a guide" in case-by-case adjudications. *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 996 (BIA 1999); *Garcia–Urbano v. Sessions*, 890 F.3d 726, 728 (8th Cir. 2018). "Sexual abuse" in § 3509(a)(8) "includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage

in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." But even the BIA's preferred definition requires something more than simple possession of child pornography.

We have already held that possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) "does not require 'the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.'" *United States v. Coutentos*, 651 F.3d 809, 817 (8th Cir. 2011) (quoting 18 U.S.C. § 3509(a)(8)). As in *Coutentos*, so too here: § 2252A(a)(5)(B)'s prohibition of "knowingly possess[ing], or knowingly access[ing] with intent to view, any . . . material that contains an image of child pornography" is analogous to Iowa Code § 728.12(3)'s prohibition of "knowingly purchas[ing] or possess[ing] a visual depiction of a minor engaging in a prohibited sexual act or the simulation of a prohibited sexual act." Under our precedent, while § 3509(a)(8) requires "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in" the sexually explicit conduct, Iowa Code § 728.12(3) does not.

The Government zeroes in on § 3509(a)(8)'s catch-all reference to "other form of sexual exploitation of children," which includes "child pornography or child prostitution." *See* § 3509(a)(6) (defining "exploitation"). But "*other form* of sexual exploitation" immediately follows rape, molestation, and prostitution, which all require at least an act directed toward a minor. *See Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 114–15 (2001) ("[W]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." (citation omitted)). While § 3509(a)(8) might cover *production* of child pornography, it doesn't cover mere possession. *Cf. Coutentos*, 651 F.3d at 817 ("No more than the offense of possessing methamphetamine involves the act of producing

-4-

it, does the offense of possessing child pornography involve the sexual abuse of a child.").

If that's not enough, the placement of "sexual abuse of a minor" within § 1101(a)(43) confirms that the Iowa statute just doesn't fit. Paragraph (43) "lists sexual abuse of a minor in the same subparagraph as 'murder' and 'rape,' . . . among the most heinous crimes it defines as aggravated felonies[,] . . . suggest[ing] that sexual abuse of a minor encompasses only especially egregious felonies." *Esquivel–Quintana*, 581 U.S. at 394. Unlike sexual crimes performed upon or directed at a minor, simple possession of child pornography doesn't belong in the same subparagraph as murder and rape. To be sure, victims of child pornography "suffer[] continuing and grievous harm as a result of [their] knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse [they] endured." *Paroline v. United States*, 572 U.S. 434, 457 (2014). But Congress recognized this by dedicating a later subparagraph to such offenses. *See* 8 U.S.C. § 1101(a)(43)(I).

All told, Iowa Code § 728.12(3) is a mismatch for sexual abuse of a minor, so the BIA erred in holding that it's an aggravated felony under § 1101(a)(43)(A).

III.

DHS also charged Huynh as removable for committing a "crime involving moral turpitude" within five years of his admission to the United States. 8 U.S.C. § 1227(a)(2)(A)(i). Huynh argued that the Iowa statute doesn't call for the necessary "vicious motive, corrupt mind, or evil intent," *see Chanmouny v. Ashcroft*, 376 F.3d 810, 814–15 (8th Cir. 2004) (citation omitted), because it requires the defendant to have known only that he possessed an image—not that the image depicted a minor. The BIA rejected Huynh's argument because he did not provide examples of courts applying the Iowa statute to defendants who didn't know the person in the image was underage.

The Government does not defend the BIA's decision. Nor could it. We do not require petitioners to "prove through specific convictions that unambiguous laws really mean what they say." *Gonzalez*, 990 F.3d at 660. Instead, it requests that we remand for the BIA to "reconsider its decision." *See generally Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 386–87 (D.C. Cir. 2017) (Kavanaugh, J.) (discussing voluntary remand for reconsideration).

We find that the Government's request is neither frivolous nor made in bad faith, so we grant its request for voluntary remand.

IV.

We grant Huynh's petition for review, vacate, and remand for further proceedings.

_____